UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN E. HUBBARD,

                      Petitioner,

-vs-                                        Case No. 8:09-cv-2498-T-33TGW

SECRETARY, DEPT. OF CORRECTIONS,

                      Respondent.
_____/

## ORDER

THIS CAUSE is before the Court on the Florida Parole Commission's motion to intervene as a Respondent under Rule 24 and dispositive motion to dismiss the petition (Docs. 6, 7); the Department of Corrections' limited response to the petition (Doc. 8); and Petitioner Hubbard's motion to strike the motion to intervene and motion to dismiss the petition. (Doc. 10).

### MOTION TO INTERVENE

The Florida Department of Corrections ("Department") informed the Florida Parole Commission ("Commission") of the existence of the instant case (Doc. 8), and after a review of Hubbard's habeas corpus petition, the Commission determined that Hubbard is in fact challenging actions of the Commission. The Department and the Commission are separate agencies with separate functions. See Section 944.275(2)(a), and (3)(a), Fla. Stat.; *see also*

*Gay v. Singletary*, 700 So.2d 1220,1221 (Fla. 1997); *Schmidt v. Crusoe*, 878 So.2d 361 (Fla. 2004).

Because Hubbard's petition is challenging actions of the Commission, under Florida Statutory authority, § 947.1405, Fla. Stat., the Commission is the proper party to respond to the allegations of the petition. Therefore, the Commission is an indispensable party under Fed. R. Civ. P. 24(a) and the Court will grant the Commission's motion to intervene.

## FACTS AND PROCEDURAL HISTORY

Hubbard was convicted of Burglary of Dwelling (Count I) and Attempted Sexual Battery (Count II) in the Sixth Judicial Circuit, Pinellas County, Florida in Case No. 89-7570 on July 19, 1990. Hubbard was sentenced to 10 years in prison on Count I and 40 years on Count II (15 years minimum mandatory). These sentences were to be served consecutively. (Exhibit A)[1]. Hubbard's sentence on Count II of Case No. 89-75070 was amended to 30 years in prison (10 years minimum mandatory) and Hubbard was adjudicated a habitual violent offender. (Exhibit B). On January 14, 2008, Hubbard was released to Conditional Release supervision until May 6, 2019.[2]

A Warrant for Retaking Conditional Releasee was issued on April 30, 2008, alleging Hubbard had violated

> Special Condition 19 which states, "You shall not live or loiter within 1,000 feet of, or work for as pay or as a volunteer at, a school, day care center, park, playground, designated public school bus stop, restaurant with attached playground, amusement park, business establishment whose primary clients are children, or other place(s) where children regularly congregate," and this he failed

---

[1] Exhibit A is a Confidential Pre-Sentence Investigation Report (PSI). Exhibit A is confidential per section 945.10, Florida Statutes, and is for in camera inspection only.

[2] Hubbard refused to sign the Certificate of Conditional Release on January 11, 2008. (Exhibit C).

to do, in that on April 26, 2008, he did visit the Lake Maggiore Park located on the corner of 37th Avenue and 9th Street, where children regularly congregate.

A Final Revocation Hearing was held on May 20, 2008. Hubbard was found guilty of willfully violating a substantial condition of supervision based on the testimony of Officer Nettles and his own admission that he visited the park. The Hearing Examiner recommended revocation. (Exhibit D). On July 16, 2008, the Commission accepted and sustained the Hearing Examiner's finding and recommendation and revoked Hubbard's Conditional Release supervision effective April 26, 2008. (Exhibit E).

Hubbard filed a state habeas corpus petition in the circuit court for the Fourteenth Judicial Circuit Court, Jackson County, Florida on January 14, 2009. (Exhibit F) On May 6, 2009, the circuit court denied the petition for writ of habeas corpus. (Exhibit G). On June 1, 2009, Hubbard appealed the denial of relief. (Exhibit H). Subsequently, Hubbard filed a voluntary notice of dismissal of the appeal. On October 9, 2009, the First District Court of Appeal dismissed the appeal. (Exhibit I).

On or about December 4, 2009, Hubbard timely filed the present 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in this Court.

## EXHAUSTION OF STATE REMEDIES

It appears that the Hubbard did not exhaust his State remedies. The proper action to challenge the administrative decisions of the Commission was to file a petition for writ of habeas corpus in the State circuit court. *Sheley v. Florida Parole Commission,* 703 So.2d 1202 (Fla. 1st DCA 1997)(en banc), *affirmed, Sheley v. Florida Parole Commission*, 720 So.2d 216 (Fla. 1998); § 79.09, Fla. Stat. (2006). An appeal from that decision would then properly flow to the appropriate State District Court of Appeal. *Sheley, supra*. If there is a per curiam decision

of the State District Court of Appeal, the decision is not further appealable. *Stallworth v. Moore*, 827 So.2d 974 (Fla. 2002).

Hubbard did not exhaust state remedies since he voluntarily dismissed his appeal to the Florida First District Court of Appeal. (Exhibit I). Furthermore, the four grounds Hubbard raises in the instant habeas petition were not raised in the Florida circuit court, and are therefore unexhausted. (See Doc. 1, pp. 4-9) (Compare Doc. 1 to Exhibits F, G) This Court cannot consider issues that were not properly exhausted in state court proceedings. *Lancaster v. Newsome,* 880 F.2d 362 (11th Cir. 1989); *Footman v. Singletary*, 978 F.2d 1207 (11th Cir. 1992); *Wainwright v. Sykes*, 433 U.S. 72 (1977), as exhaustion of state remedies is a prerequisite to bringing a claim in federal court. *Tifford v. Wainwright*, 588 F.2d 954, *reh'g deni*ed, 592 F.2d 233 (11th Cir. 1979); Medina v. Singletary, 59 F.3d 1287, *rehearing and suggestion for rehearing denied*, 70 F.3d 1287 (11th Cir. 1995), *cert. denied*, 517 U.S. 1247 (1995). To properly exhaust a claim, that claim must have been pursued in the state courts through the appellate level. *Leonard v. Wainwright*, 601 F.2d 807 (5th Cir. 1979).

In addition, a defendant must first present his alleged **federal** claims to the state court. In *Picard v. Connor*, 404 U.S. 270 (1971), the United States Supreme Court stated:

> If the exhaustion doctrine is to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution, . . . it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

*Picard*, 404 U.S. at 276 (citations omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that

the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364 (1995). Because Hubbard did not raise the same claims for relief that he raises in the present federal petition, the present petition before this Court is unexhausted. *See also, generally, Mack v. Singletary*, 142 F. Supp. 2d 1369 (S.D. Fla. 2001) (When federal habeas petitioner raises claim previously presented in state courts, but bases habeas corpus claim upon new factual allegations, new legal theories, or materially different evidence than was presented to state courts, then claim has not been fairly presented in state courts and petitioner has failed to exhaust his state remedies).

## HUBBARD RAISES ONLY STATE LAW CLAIMS

Hubbard's claims are state law claims and are not cognizable in federal court because the claims do not raise issues of federal constitutional dimension. Hubbard's challenges involving the Commission in the conditional release supervision revocation process is a matter of State law only. They are only superficially couched in terms of violations of the federal constitution.[3]

The purpose of a federal habeas proceeding is to review the lawfulness of a petitioner's custody to determine whether the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). The Supreme Court has held that federal habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that "... it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")

---

[3] For instance, Hubbard's ground two states, "6th Amendment violation, Petitioner requested legal counsel, before the revocation hearing, but the request was denied by the Parole Examiner (Mr. Harris) his reason for the denial, was the Petitioner did not show him that the case were complexed enough to warrant legal counsel." (Doc. 1, p.7)

A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief where no question of a constitutional nature is involved. *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983); *see also Llamas-Ahmaguer v. Wainwright*, 666 F.2d 191 (11th Cir. 1982) (holding that questions of state law cannot be raised on federal habeas corpus); *Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *see also Krasnow v. Navarro*, 909 F.2d 451, 452 (*11th Cir. 1990); Garcia v. Perringer,* 878 F.2d 360, 361-62 (11th Cir. 1989); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

In *Simpson v. Florida Parole Commission*, Case No. 8:04-cv-1808-T-17EAJ (M.D. Fla. April 10, 2006) the United States District Court held that a petitioner's claim that revocation of his release was a state law claim and not reviewable under Federal habeas, even though the petitioner claimed a due process violation. Specifically, the Court stated:

> A review of the proceedings below shows no error. Petitioner's claim constitutes a challenge to the authority of the Parole Commission as exercised in revoking his Conditional Release supervision after a hearing, where the Hearing Examiner made evidentiary and factual determinations. See §§ 947.1405 and 947.141, Fla. Stat. (2003). The petition presents issues of state law and procedure, which are not cognizable on federal habeas corpus review.

In *Ellard v. Florida Parole Commission*, Case No. 8:05-cv-316-T-17MAP (M.D. Fla. October 20, 2006) the Court reviewed challenges the petitioner's challenges discretionary decisions of the Commission:

> Petitioner Ellard's arguments, while couched in terms of constitutional violations, raise only state law issues, not federal or constitutional questions. The revocation hearing and all the notices, rights and processes the Parole Commission affords a releasee are entirely guided by state law.

See §§ 947.1405, 947.141, Fla. Stat. (2008); *see also Fla. Admin. Code R.* 23-23.010- 23-23.011. These notices, rights and processes comply with established federal law. *See Morrissey v. Brewer*, 408 U.S. 471, 483 (1972).

The Court recently reviewed another Conditional Release challenge in *Funk v. Florida Parole Commission*, Case No. 8:07-cv- 2329-T-30EAJ (M.D. Fla. February 18, 2009). In *Funk*, the Court found that only state law requires that there be a finding that the violation of Conditional Release be willful and substantial. *Id.* This finding is not required by the minimal rights of due process under federal law expressed in *Morrissey v. Brewer*, 408 U.S. 471 (1972).

## DISCUSSION

Even if the claims in the petition were not unexhausted, and raised only state law claims, the claims have no merit, and the petition would be denied.

## GROUND ONE

> 5th Amendment violation. The Petitioner, were not afforded the full amount of Due Process of the Law- Where during the revocation hearing, the Petitioner were not allowed to call his witnesses, nor were he allowed to present his own evidence, in support of his defense. Nor were he allowed to present sworn affidavit's from his witnesses." (Doc. 1, p. 4). Hubbard also challenges the evidence utilized at the violation hearing. (Doc. 2, pp. 3-11). (As stated by Hubbard.)

The record refutes this claim. In *Morrissey*, 408 U.S. 471, 483 (1972), the Court outlined the minimum requirements of due process in revocation proceedings: (a) written notice of the claimed violations; (b) disclosure of the evidence; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as traditional parole board members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on. *Morrissey*, 408 U.S. at 489. Cited by *Addison v. Florida Parole Board*, 281 So.2d 906, 907 (Fla. 1st DCA 1973).

Hubbard was provided with the requisite notice of the claimed violations; the disclosure of evidence; the opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses before the hearing examiner and subsequently the Commission; and a written statement by the hearing examiner as to the evidence relied upon. (Exhibits D, E) Nothing in the record that shows that Hubbard was not allowed to call witnesses or present evidence. In fact, the notice of rights form has blank lines where the releasee can request the hearing examiner to subpoena witnesses and write the witnesses' contact information. Hubbard did not complete these lines. (See Exhibit D). The hearing summary, which provides a sufficient record for review[4], does not state that Hubbard was denied the right to present evidence. (Exhibit D). In fact, the hearing summary does not contain any mention that Hubbard even attempted to provide documents to the hearing examiner. The hearing summary states that Hubbard made no legal or procedural arguments at the hearing. (Exhibit D).

Hubbard is now trying to introduce evidence that was not elicited at the violation hearing and explain potential testimony that was not even presented at the violation hearing, (Doc. 1, p.6) Furthermore, the hearing examiner's use of the evidence at the violation hearing was not improper, nor was the Commission's revocation based on the evidence received at the hearing. The hearing examiner properly relied upon the testimony of Officer Nettles, the GPS history report, and Hubbard's own admission that he went to the park to fish. (Exhibit D) "The testimony of a single witness, even if uncorroborated and contradicted ... is sufficient to sustain a conviction," or to support revocation of supervision. *Vanstraten v. State of Florida*, 901 So.2d

---

[4] *See Glumb v. Honsted*, 891 F.2d 872 (11th Cir. 1990).

391 (Fla. 1st DCA 2005). A releasee's admission is a sufficient ground for a finding of guilt and revocation of supervision. *Earle v. State*, 519 So. 2d 757, 758 (Fla. 1st DCA 1988) (holding that probationer's admissions supported revocation orders); *Russell v. McGlothin*, 427 So. 2d 280, 282 (Fla. 2d DCA 1983) (holding that "[a] probationer's admissions against interest may, as a matter of law, be sufficient to revoke his probation."); *Levelle v. Powers*, 248 F.2d 774 (10th Cir. 1957) (admissions against interest is competent evidence).

Ground one does not warrant relief.

## GROUND TWO

6th Amendment violation. Petitioner requested legal counsel, before the revocation hearing, but the request was denied by the Parole Examiner (Mr. Harris) his reason for the denial, was the Petitioner did not show him that the case were complexed enough to warrant legal counsel. Doc. 1, p. 7) (As stated by Hubbard.)

Hubbard argues that he should have been granted state-appointed legal counsel to represent him at the violation proceeding because he needed an attorney to obtain records, evidence, and witnesses. (Doc. 1, p. 7) He argues that the GPS tracking system evidence was not challenged and had errors. He states that the case was complex. (Doc 1, p. 7) There is no constitutional violation here since the hearing examiner properly exercised his discretion to deny Hubbard state-appointed counsel based on *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). *See Bums v. Hodges*, 629 So. 2d 324 (Fla. 2nd DCA 1993).

There is no automatic right to counsel in a revocation hearing. The *Gagnon* Court stated an indigent parolee be notified of a right to request counsel and that the State determines whether state-appointed counsel should be provided for the indigent parolee. 411 U.S. at 790. A State is not constitutionally bound to provide indigent parolees state-appointed counsel in all cases. *Id.* at 787. The determination of whether state- appointed counsel for indigent parolees

is made by the state authority on a case-by-case basis, depending on the complexity of the case and understanding of the parolee. *Id.* at 790. The *Gagnon* Court held:

> We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness--the touchstone of due process--will require that the State provide at its expense counsel for indigent probationers or parolees.
>
> It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.

411 U.S. at 790-91.

The hearing examiner in the present case properly evaluated Hubbard's request for state-appointed counsel according to the criteria set forth in Gagnon and determined that Hubbard did not present a timely and colorable claim that he was innocent of the alleged violation(s); that the facts surrounding the violation(s) did not involve complex issues; and that

Hubbard was fully capable of understanding the charges and speaking effectively for himself.[5] (Exhibit D, Denial of Appointment of Counsel form and Hearing Summary).

Hubbard further argues that his Sixth Amendment right to confront witnesses was violated by the use of hearsay evidence. (Doc. 2, p. 2) This argument is without merit and has been consistently decided adversely against petitioners. *See U.S. v. Morris*, 140 Fed. Appx. 138 (11th Cir. 2005) (Sixth Amendment right to confrontation inapplicable in parole revocation proceedings); *accord United States v. Aspinall*, 389 F.3d 332, 342-43 (2d Cir. 2004). *See also U.S. v. Kelley*, 446 F.3d 688 (7th Cir. 2006) (Sixth Amendment did not apply to supervised release revocation; use of hearsay evidence permissible); *Schmanke v. Irvins*, 2007 Fed. Appx. 655 (7th Cir. 2006) (Sixth Amendment is not violated when parole commission considered hearsay testimony); *U.S. v. Hall*, 419 F.3d 980 (9th Cir. 2005)(Sixth Amendment right to confront witnesses did not apply to admission of hearsay evidence in supervision revocation proceedings); *Peters v. State*, 984 So. 2d 1227 (Fla. 2008) (*Crawford* does not apply in parole revocation proceedings; hearsay admissible).

Furthermore, the Commission did not rely solely on hearsay evidence to revoke Hubbard's conditional release supervision, but also relied upon Hubbard's admission that he went to the park to go fishing. (Exhibits D-E).

Ground two does not warrant relief.

### GROUND THREE

8th Amendment violation. The Petitioner had just been incarcerated for 18 years and 8 months, and had only been free for 3 ½ months. It was cruel and unusual punishment to violate him on defected evidence, then send him back to prison

---

[5] Hubbard indicated that he understood the charges and that he could read and write as well.

without fully ascertaining all the facts that surrounded the violation." (Doc. 1, p. 8) (As stated by Hubbard.)

Hubbard argues that he suffered mental and emotional stress from the ordeal. Ground three has no merit, for it has been expressly held that Conditional Release supervision and revocation are not cruel and unusual punishment. *Duncan v. Florida Parole Commission*, 754 So. 2d 708, 713 (Fla. 2000). Cited by *Kinchen v. Secretary*, Case No. 8:08-cv-1090-T33MAP (M.D. Fla. October 7, 2008).

Ground three does not warrant relief.

## GROUND FOUR

14th Amendment violation. The Petitioner was denied equal protection of the law when he was denied expert testimony concerning the Pro-Tech G.P.S. Monitoring/Tracking System. Malfunction/Flaws, (Doc. 1, p.8). (As stated by Hubbard).

There is no mention in the record of a request by Hubbard for an expert witness, and Hubbard fails to cite to any direct applicable legal authority specifically requiring the Commission provide a releasee an expert witness at the State's expense at a violation hearing. (Exhibit D). Additionally, Hubbard fails to articulate a specific basis for an equal protection violation. (Doc. 1, pp.8-9)

In *Refitt v. Nixon*,[6] 917 F.Supp. 409 (E. D. Va. 1996), the court held:

> In claim 7, plaintiff contends that defendants violated his equal protection rights by denying his parole. An equal protection claim arises when, without adequate justification, similarly situated persons are treated differently by a governmental entity. US Const, amend XIV. Even so, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they are the same." *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124 (1940). And, in light of the myriad of factors involved in a parole decision, "[i]t is difficult to believe that any two prisoners could ever be considered

---

[6] *Reffitt v. Nixon* is a 42 U.S.C. § 1983 civil rights case.

'similarly situated' for the purpose of judicial review of an equal protection claim." *Rowe v. Cuyler*, 534 F.Supp. 297, 301 (E.D. N.Y.), *affd,* 696 F.2d 985 (3rd Cir.1982)... Here, plaintiff has not alleged any facts to support his contention that he received disparate treatment when compared with a "similarly situated" individual. Thus, judgment must be entered in favor of the defendants on this claim.

917 F. Supp. at 414.

Because Hubbard is not a member of a constitutionally protected class, the challenged decision need only survive rational-basis review. *See Bass v. Perrin*, 170 F.3d 1312 (11th Cir. 1999). Under rational-basis review, the court (1) identifies a legitimate government purpose, and (2) determines whether a rational basis exists for the governmental body to believe that its action would further the government's purpose. *See Bannum, Inc. v. City of Fort Lauderdale, Fla.*, 157 F.3d 819 (11th Cir. 1998), *cert. denied*, 528 U.S. 822 (1999). Hubbard has failed to allege that he is a member of a constitutionally protected class. As the Florida Supreme Court stated in *Duncan v. Florida Parole Commission, supra*:

> Equal protection is not violated merely because some persons are treated differently than other persons. It only requires that persons similarly situated be treated similarly. *See City of Cleburne v. Cleburne Living Center. Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). In the absence of a fundamental right or a protected class, equal protection demands only that a distinction which results in unequal treatment bear some rational relationship to a legitimate state purpose. *Id.* at 440-41, 105 S.Ct. 3249; *See also Durio v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978). This is known as the rational basis test. Since there is no fundamental right or suspect class at issue here, the State need only meet that test.
>
> As we have observed before, inmates subject to Conditional Release are those which, due to their prior criminal history, have been deemed by the Legislature to need additional supervision after release from prison. Accordingly, they are not similarly situated to inmates who do not have similar criminal histories and are not subject to Conditional Release. The Conditional Release statute clearly has two purposes: (1) rehabilitation of the releasee and (2) protection of society. If the releasee's supervisor sees that the releasee has failed to comply with the terms and conditions of his or her release, thereby indicating that the releasee is not amenable to further supervision, the releasee can be

returned to prison to continue serving his or her sentence under a more secure setting. For releasees, the knowledge that they can be returned to prison relatively easily if they begin to wander astray would clearly be a rather persuasive incentive for these former inmates to strive to become law-abiding citizens. We find that attempting to dissuade releasees from returning to a life of crime is clearly a legitimate state purpose. Further, we find that maintaining such releasees under supervision is a reasonable means of achieving that goal. Therefore, we find that the State has satisfied the rational basis test and thus there is no equal protection violation.

754 So.2d at 712.

Ground four does not warrant relief.

## HUBBARD'S MOTION TO STRIKE

Hubbard's arguments in his motion to strike the Florida Parole Commission's motion to intervene and motion to dismiss the petition are not persuasive, based on a review of the record.

Accordingly, the Court orders:

The Florida Parole Commission's motion to intervene as a Respondent under Rule 24 and dispositive motion to dismiss the petition (Docs. 6, 7) are granted. Petitioner Hubbard's motion to strike the motion to intervene and motion to dismiss the petition (Doc. 10) is denied.

Petitioner's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Petitioner and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a

substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 22, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
John E. Hubbard